RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/3/15
yt

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS BROWN (#543381) | DOCKET NO. 15-cv-2030; SEC. P |
| VERSUS | JUDGE DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Travis Brown filed the instant civil rights complaint *in forma pauperis*, and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains of excessive force and a wrongful disciplinary conviction, and he seeks the reinstatement of confiscated good time, the termination of employment of the defendants, and compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on January 14, 2015, he was cooking food on his tier when he saw Property Room officer Ms. Harris in the distance. He asked the Key Officer Ms. Dixon to let him off of his tier so that he could talk to Harris about his missing property. Dixon let him off of his tier. Plaintiff called out to Harris multiple times, but she was speaking to another inmate and

did not respond. He walked up behind Officer Harris and waved his hand in front of her face to get her attention. Plaintiff claims that he had a piece of onion stuck on his hand, and that Harris thought he was trying to put it in her mouth. Harris turned around and punched Plaintiff in the shoulder or chest. Plaintiff alleges that Ms. Harris punched him six times.

Plaintiff was examined by the medical staff who noted no physical injury from Ms. Harris's punches. Plaintiff states that he received a disciplinary violation and was sanctioned with the loss of an unspecified number of days of good-time. He claims that he has been waking up in the night since this incident happened, unable to fall back asleep.

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Additionally, because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which

relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### 2. *Heck v. Humphrey*

Plaintiff challenges the validity of his disciplinary conviction, and he seeks the return of good time credits that were forfeited as a result of the conviction. Such relief is not available by way of a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). The restoration of good time would result in Plaintiff receiving an early release from incarceration. Therefore, Plaintiff must pursue his request for the restoration of his good time through a petition for habeas corpus relief. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(finding inmate "cannot ... recover good-time credits lost in a prison disciplinary proceeding" in a §1983 civil action).

To the extent that Plaintiff seeks damages for an allegedly wrongful disciplinary conviction and the loss of good time, or for excessive force, his claim is barred by Heck. In order "[t]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been

3

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Plaintiff's disciplinary conviction has not been invalidated, and a claim for damages regarding the disciplinary conviction or a claim for excessive force by Ms. Harris, would call into the question its validity.

### 3. *De Minimis Physical Injury*

Plaintiff seeks damages for emotional distress. The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, no physical injuries were noted upon physical examination of Plaintiff. Nor does he allege that he sought any additional medical treatment after the date of the incident. He has only complained of emotional distress.

4

Moreover, the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. See Hudson v. McMillian, 503 U.S. 1, 5 (1992). Thus, even if his claim was not barred by Heck, it would be subject to dismissal.

### 4.  *Termination of Employment*

Plaintiff seeks injunctive relief in that the defendants be terminated from their employment. Federal courts are not prison managers. Ordinarily, courts accord great deference to the internal administrative decisions of prison officials. Royal v. Clark, 447 F.2d 501 (5th Cir. 1971); Krist v. Smith, 439 F.2d 146 (5th Cir. 1971); Haggerty v. Wainwright, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230 (2001); Turner v. Safley, 482 U.S. 78, 84-85 (1987). Plaintiff's request that the Court fire the defendants should be denied and dismissed.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

5

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 3rd day of Sept, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE